Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50141 | **DATE** | 12/26/2012 |
| **CASE TITLE** | Bernard J. Natale vs. Carl Swanson, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the Trustee's motion to withdraw the reference is granted. The parties are order to schedule a status hearing before Magistrate Judge Mahoney within 28 days.

*/s/ Philip G. Reinhard*

■ [ For further details see text below.]

Notices mailed by Judicial staff.
Copy to Magistrate Judge Mahoney.

## STATEMENT - OPINION

    Bernard J. Natale, as trustee of the bankruptcy estate of Carl Swanson, ("Trustee") pursuant to 28 U.S.C. § 157(d), moves to withdraw the reference of adversary proceeding case #12-96066 pending in the Bankruptcy Court for the Northern District of Illinois. This adversary proceeding seeks to avoid and preserve for the benefit of the estate certain real estate mortgages and security interests in personal property pursuant Illinois state law, 740 ILCS 160/5 and 160/6 and under 11 U.S.C. §§ 544, 548, and 550. The adversary complaint also alleges state law torts against some of the defendants. All of the defendants who have appeared in the case, Carl Swanson, Arsenal Asset Acquisitions, Inc., S-K Associates/S-K Partners, Ltd., Allen Shapiro, and Joey Waldman, filed responses agreeing that withdrawal of the reference is appropriate. One defendant, Spring Hill Center CC II, LLC, has not entered an appearance.

    The Trustee moves to withdraw the reference based on his concern that the bankruptcy court lacks authority, based on the decision in Stern v. Marshall, __ U.S. __, 131 S.Ct. 2594 (2011), to adjudicate a fraudulent transfer (sometimes called a fraudulent conveyance) claim. While 28 U.S.C. § 157(b)(2)(H) expressly makes a proceeding "to determine, avoid, or recover fraudulent conveyances" a "core proceeding," which statutorily a bankruptcy court is authorized to hear and enter judgment on subject only to appellate review under 28 U.S.C. § 158, Stern calls the validity of that statutory authority into question. Stern held that a bankruptcy court, since it was not an Article III court, lacked the constitutional authority to enter a final judgment on a state law counterclaim that was not resolved in the process of ruling on a creditor's proof of claim despite the fact 28 U.S.C. § 157(b)(2)(C) made "counterclaims by the estate against persons filing claims against the estate" core proceedings. Id. at 2620. Stern held only an Article III court had constitutional authority to enter a final judgment on such a counterclaim. Id.

    The Ninth Circuit Court of Appeals recently addressed whether a trustee's fraudulent conveyance action was within the authority of a bankruptcy court to adjudicate or whether such claims must be decided by an Article III court. It held a trustee's fraudulent conveyance claims "cannot be decided outside the Article III courts." In re Bellingham Ins. Agency, Inc., No. 11-35162, 2012 WL 6013836, * 7 (9th Cir. Dec. 4, 2012). Stern extensively discussed the distinction between the adjudication of private rights, like those advanced in

## STATEMENT - OPINION

the counterclaim at issue there, which cannot be assigned by Congress to non-Article III courts and adjudications of public rights which involve a claim that "derives from a federal regulatory scheme, or in which resolution of the claim by an expert government agency is deemed essential to a limited regulatory objective within the agencies authority." Stern, 131 S.Ct. at 2613. Bellingham (relying on the Supreme Court's decision in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782, 2798 (1989), which held a trustee's fraudulent conveyance claim was a private rather than public right, in the context of a Seventh Amendment right to a jury trial) concluded that Stern, read with Granfinanciera, requires final judgment in a trustee's fraudulent conveyance action to be entered by an Article III court because such a claim is a private right that cannot be assigned by Congress to a non-Article III court. Bellingham, 2012 WL 6013836 at * 7-8. The Seventh Circuit Court of Appeals has yet to address the specific question whether final judgment in a trustee's fraudulent conveyance action must be entered by an Article III court. Bellingham's analysis is persuasive. Final judgment on the Trustee's claims here must be entered by the district court.

At first blush, 28 U.S.C. § 157(c)(1) might appear to provide an avenue for the bankruptcy court to hear the matter but not enter final judgment. "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing do novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). However, In re Ortiz, 665 F.3d 906, 915 (7th Cir. 2011) seems to preclude this option. In Ortiz, the court held, based on Stern, that the bankruptcy court lacked the power to enter a final judgment on a debtor's state law counterclaim against a creditor that filed a proof of claim. Ortiz held such a counterclaim was a core proceeding under 28 U.S.C. § 157(b)(2)(C), but was constitutionally barred under Stern. Id. at 914. Ortiz then rejected the idea that the bankruptcy judge's orders could be treated as proposed findings of fact and conclusions of law. "For the bankruptcy judge's orders to function as proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1), we would have to hold that the debtors' complaints were 'not core proceedings' but are 'otherwise related to a case under title 11.' As we just concluded, the debtors' claims qualify as core proceedings and therefore do not fit under § 157(c)(1)." Id. at 915 (internal citation omitted). Since the Trustee's claims here are of a type designated by 28 U.S.C. § 157(b)(2)(H) as core proceedings, treating them as" not core proceedings" under 28 U.S.C. § 157(c)(1) must be considered foreclosed by Ortiz.

For the foregoing reasons, the Trustee's motion to withdraw the reference is granted. The parties are order to schedule a status hearing before Magistrate Judge Mahoney within 28 days.